Ted Wellman
M. Scott Broadwell
Davis Wright Tremaine LLP
701 West 8th Avenue, Suite 800
Anchorage, AK 99501
(907) 257-5300

Attorneys for Defendant Kikiktagruk Inupiat Corporation

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| DOUG BECKER,<br><br>Plaintiff,<br><br>v.<br><br>KIKIKTAGRUK INUPIAT CORPORATION, An Alaska Village Corporation<br><br>Defendant. | Alaska Superior Court Case No: 3AN-08-11382 CI<br><br>Case No. 3:09-cv- _____ |

## ANSWER TO COMPLAINT

Defendant Kikiktagruk Inupiat Corporation ("KIC") answers Plaintiff Doug Becker's ("Becker's") Complaint as follows:

### I. JURISDICTION

1.1. Admitted

Davis Wright Tremaine LLP
LAW OFFICES
Suite 800 · 701 West 8th Avenue
Anchorage, Alaska 99501
(907) 257-5300 · Fax: (907) 257-5399

1.2. Denied. KIC operates numerous subsidiaries and KIC Hardware, Auto and Lumber, LLC is one of the wholly owned subsidiaries of KIC.

1.3 KIC denies that KIC Hardware, Auto and Lumber, LLC has been named as a defendant in this proceeding. KIC is without sufficient information to form a belief regarding the truth of falsity of the remaining allegations in Paragraph 1.3 and therefore denies the same.

1.4 KIC denies that Tim Schuerch traveled to Anchorage, Alaska for the purpose of conducting an interview with Becker. KIC further denies that Becker interviewed for a job with KIC. The primary interview for Becker's position as Hardware Manager with KIC Hardware, Auto and Lumber occurred in Kotzebue, Alaska.

1.5 KIC is without sufficient information to form a belief regarding the truth or falsity of any statement regarding the subjective state of mind of Bish Gallahorn, and therefore denies the allegations in Paragraph 1.5.

1.6 The allegations in Paragraph 1.6 state a conclusion of law to which no response is required. Without waiving the foregoing objection, KIC accepts venue within the Third Judicial District, State of Alaska.

## II. FACTS

2.1 Denied. KIC Hardware, Auto & Lumber, LLC hired Becker as its Hardware Manager on January 2, 2007.

2.2 KIC denies that Bish Gallahorn ("Gallahorn") was the president of KIC at any time relevant to this dispute. KIC admits that Gallahorn verbally committed to employ Becker at a salary of $80,000 annually and that Becker's housing would be provided as part of Becker's compensation package, with the actual date of arrival in Kotzebue to be decided at a later date.

2.3 Admitted.

2.4 Denied.

2.5 KIC is without sufficient information to form a belief regarding the truth or falsity of the allegations in Paragraph 2.5 and therefore denies the same.

2.6 KIC is without sufficient information to form a belief regarding the truth or falsity of the allegations in Paragraph 2.6, and therefore denies the same.

2.7 KIC admits that Tim Schuerch ("Schuerch") spoke with Becker about KIC's shareholder hiring preference policy, that Becker stated that he believed the policy was prejudicial, and that Schuerch stated that KIC's shareholder hiring preference policy comported with federal law. KIC denies any further allegations in Paragraph 2.7.

2.8 Denied.

2.9 KIC denies that Becker was employed by KIC. KIC is without sufficient information to form a belief regarding the truth or falsity of the allegations that Becker noticed certain behavior and therefore denies the same. The remaining allegations in Paragraph 2.9 lack sufficient specificity from which KIC can determine

the truth or falsity of Becker's allegations in that Becker has not identified who allegedly told Becker that he could not terminate employees because of their status as shareholders and KIC therefore denies the same.

2.10 KIC is without sufficient information to form a belief regarding the truth or falsity of the allegations in Paragraph 2.10 and therefore denies the same.

2.11 The allegations of Paragraph 2.11 lack sufficient specificity from which KIC can determine the truth or falsity of Becker's allegations in that Becker has not identified from whom Becker requested hiring and firing authority, and KIC therefore denies the same.

2.12 KIC denies that a majority of Becker's time spent working at KIC Hardware, Auto & Lumber was of a non-managerial nature. KIC admits that Becker was hired as an exempt employee under applicable wage and hour law and that Becker was not paid overtime for any hours he may have worked over forty hours a week. KIC denies any further allegations in Paragraph 2.12.

2.13 KIC denies that Becker was instructed to take any illegal actions. KIC further denies that Becker was employed by KIC. Becker was employed by KIC Hardware, Auto & Lumber, LLC. The remaining allegations in Paragraph 2.13 lack sufficient specificity from which KIC can determine the truth or falsity of Becker's allegations in that Becker has not identified which of his supervisors allegedly requested that Becker take actions that Becker believed were illegal, and KIC therefore denies the same.

2.14 KIC admits that it has a shareholder hiring preference policy. The remaining allegations lack sufficient specificity from which KIC can determine the truth or falsity of Becker's allegations in that Becker has not identified who allegedly requested that Becker take certain actions, and KIC therefore denies the same. Without waiving the foregoing objection, KIC denies the remaining allegations in Paragraph 2.14.

2.15 KIC admits that KIC Hardware, Auth & Lumber, LLC terminated Becker on or about June 22, 2007. KIC denies the remaining allegations in Paragraph 2.15.

2.16 Denied. KIC did not promise Becker employment for at least one year.

## III. CAUSES OF ACTION

A. ALASKA WAGE & HOUR VIOLATION

3.1 The statutory references in Paragraph 3.1 speak for themselves, and no response is required. Furthermore, the cited statutory excerpts are out of context. Without waiving the foregoing, KIC denies any conclusion drawn from the excerpt.

3.2 The statutory references in Paragraph 3.2 speak for themselves, and no response is required. Furthermore, the cited statutory excerpts are out of context. Without waiving the foregoing, KIC denies any conclusion drawn from the excerpt.

3.3 The statutory references in Paragraph 3.3 speak for themselves, and no response is required. Furthermore, the cited statutory excerpts are out of

context. Without waiving the foregoing, KIC denies any conclusion drawn from the excerpt.

3.4 Denied that Becker was a non-exempt employee of KIC Hardware, Auto & Lumber, LLC. The remainder of the allegations in Paragraph 3.4 state conclusions of law, and no response is required. Without waiving the foregoing, KIC further denies the remaining allegations in Paragraph 3.4.

3.5 Denied.

3.6 Denied.

3.7 Denied.

3.8 Becker's pleadings in Paragraph 3.8 are inapposite in that Paragraph 3.8 states a prayer for relief and does not contain a factual allegation. KIC denies that Becker is entitled to the requested relief.

B. DISPARATE TREATMENT AND RETALIATION ON THE BASIS OF RACE: VIOLATION OF 42 U.S.C. § 1981

3.9 KIC is without sufficient information to form a belief regarding the truth or falsity of the allegations in Paragraph 3.9 and therefore denies them.

3.10 Denied.

3.11 Denied.

3.12 Denied.

3.13 Denied.

3.14 The allegations in Paragraph 3.14 state a conclusion of law and no response is required. Without waiving the foregoing, KIC denies the allegations in Paragraph 3.14.

3.15 Becker's pleadings in Paragraph 3.15 are inapposite in that Paragraph 3.15 states a prayer for relief and does not contain a factual allegation. KIC denies that Becker is entitled to the requested relief.

C. <u>TORT OF WRONGFUL DISCHARGE</u>

3.16 KIC incorporates by reference answers to paragraphs 2.1 through 2.16 above. KIC denies the remaining allegations of Paragraph 3.16.

3.17 KIC is without sufficient information to form a belief regarding the truth or falsity of the allegations in Paragraph 3.17 and therefore denies the same.

3.18 Denied.

3.19 Denied.

3.20 The allegations in Paragraph 3.20 state a conclusion of law and no response is required. Without waiving the foregoing, KIC denies the allegations in Paragraph 3.20.

3.21 Becker's pleadings in Paragraph 3.21 are inapposite in that Paragraph 3.21 states a prayer for relief and does not contain a factual allegation. KIC denies that Becker is entitled to the requested relief.

## AFFIRMATIVE AND OTHER DEFENSES

1. Becker's claims are barred, in whole or in part, for failure to state a claim for which relief can be granted. Fed. R. Civ. P. 12(b)(6).

2. Becker's claims are barred, in whole or in part, by the statute of limitations.

3. Becker's claims are barred by the Alaska Workers Compensation Act.

4. Becker's claims are barred for failure to mitigate damages.

5. Becker's claims for punitive damages are unconstitutional.

6. Plaintiffs' claims for punitive damages are barred because KIC acted in good faith without malice or reckless indifference toward Becker.

7. Failure to join an essential party, KIC Hardware, Auto & Lumber LLC, under Fed. R. Civ. P. 19.

8. KIC reserves the right to assert such other and further defenses as may be revealed during the course of discovery in this proceeding.

## KIC'S PRAYER FOR RELIEF

Wherefore, KIC respectfully requests that this Court grant the following relief:

A. Dismiss Becker's Complaint with prejudice and that Becker take nothing by way of his Complaint against KIC;

B. Award KIC its costs including reasonable attorneys' fees; and

C. Award such other and further relief as the Court deems just and equitable.

DATED this 22nd day of January, 2009.

DAVIS WRIGHT TREMAINE LLP
Attorneys for Defendant Kikiktagruk Inupiat Corporation

By: ______________________________

Ted Wellman
Alaska Bar No. 9111107
Davis Wright Tremaine LLP
701 West 8th Avenue, Suite 800
Anchorage, AK 99501
Telephone: (907) 257-5300
Facsimile: (907) 257-5399
E-mail: tedwellman@dwt.com

By: ______________________________

M. Scott Broadwell
Alaska Bar No. 0611069
Davis Wright Tremaine LLP
701 West 8th Avenue, Suite 800
Anchorage, AK 99501
Telephone: (907) 257-5300
Facsimile: (907) 257-5399
E-mail: scottbroadwell@dwt.com

Certificate of Service

I certify that on January 22, 2009, a true and correct copy of the foregoing document was served on the following via:

( X) First Class Mail
( ) Facsimile and Mail
( ) Email and First Class Mail
( ) Hand Delivery

Moshe Calberg Zorea
Law Office of Moshee Calberg Zorea
7540 E. 17th Avenue
Anchorage, AK 99504

Isaac Zorea
Box 210434
Anchorage, AK 99521

Shirl New Pagano