IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ALASKA

DOUG BECKER,

                    Plaintiff,

        vs.

KIKIKTAGRUK INUPIAT
CORPORATION, An Alaska Village
Corporation,

                    Defendant.

Case No. 3:09-cv-00015-TMB

O R D E R
Granting Defendant's Motion to Compel
Discovery

## I. MOTION PRESENTED

At Docket No. 17, Defendant Kikiktagruk Inupiat Corporation ("Defendant") moves to compel discovery.  Defendant requests that the Court require Plaintiff Doug Becker ("Plaintiff") to fully and completely respond to Defendant's First Set of Interrogatories, Requests for Admission, and Requests for Production ("initial discovery request").  For the reasons stated below, Defendant's motion is GRANTED.

## II. BACKGROUND

On May 16, 2009, Defendant served its First Set of Interrogatories, Requests for Admission, and Requests for Production on Plaintiff.[1]  Plaintiff delivered his answers to these initial discovery requests on June 24, 2009, two days after the deadline for a response had

_____

[1] Dkt. 19 at 2.

1

passed.[2]  On June 29, 2009 Defendant informed Plaintiff that his answers to Defendant's initial

discovery request were "non-responsive, evasive, vague and ambiguous."[3]  On July 10, 2009

Plaintiff acknowledged that Defendant's objections "were warranted" and promised to submit

amended responses by July 20, 2009.[4]

      Between July 20, 2009 and July 31, 2009, Plaintiff filed three consecutive amended

responses to Defendant's initial discovery requests.[5]  On August 10, 2009, pursuant to Local Rule

37.1, the parties met to discuss Defendant's continuing objections to Plaintiff's discovery

responses.[6]  Plaintiff filed a fourth amended response to Defendant's discovery requests on

August 17, 2009.[7]  After receiving the fourth amended response, Defendant concluded that

Plaintiff's responses remained "evasive and unresponsive" and filed this motion to compel.[8]

### III.  LEGAL STANDARD

      Pursuant to Fed. R. Civ. P. 37, a defendant may obtain an order compelling an answer,

designation or production when a plaintiff fails to answer an interrogatory, to respond to a

request for admission, or to provide documents in response to a request for production.[9]  For

---

[2] *Id*.

[3] Dkt. 19 Ex. B at 1.

[4] Dkt. 19 Ex. C at 1.

[5] Dkt. 19 at 3.

[6] *Id*.

[7] *Id*. at 4.

[8] Dkt. 18 at 3.

[9] Fed. R. Civ. P. 37(a)(3)(B).

2

purposes of a motion to compel, an evasive or incomplete answer to a discovery request is treated as a failure to answer.[10]

The purpose of discovery "is to remove surprise from trial preparation so the parties can obtain evidence necessary to evaluate and resolve their dispute."[11]  This function is not performed if a party inadequately, inaccurately or incompletely responds to a discovery request. Accordingly, in responding to discovery requests, parties must provide "true, explicit, complete, and candid answers."[12] If a party is unable to provide a candid and complete answer, that party must explain "truthfully, fully and completely why they cannot respond.  Gamesmanship to avoid answering as required is not allowed."[13]

A party may not interpret a discovery request in "an artificially restrictive or hyper technical manner to avoid disclosure of information fairly covered by the discovery request."[14] Recipients of discovery requests must exercise common sense and accord reasonable definitions to terms and phrases used in interrogatories, requests for production, and requests for admissions.[15]  Parties are required to provide "full and efficient discovery, not evasion and word play."[16]

---

[10] Fed. R. Civ. P. 37(a)(4).

[11] *Nat'l Acad. of Recording Arts & Scis., Inc. v. On Point Events, LP*, 256 F.R.D. 678, 680 (C.D. Cal. 2009).

[12] *Hansel v. Shell Oil Corp.*, 169 F.R.D. 303, 305 (E.D. Pa. 1996).

[13] *Fisher v. Baltimore Life Ins. Co.*, 235 F.R.D. 617, 622 (N.D. W. Va. 2006).

[14] Fed. R. Civ. P. 37, Notes of Advisory Committee on 1993 Amendments to Rules.

[15] *Pilling v. General Motors Corp.*, 45 F.R.D. 366, 369 (D. Utah 1968).

[16] *Marchand v. Mercy Med. Ctr.*, 22 F.3d 933, 936-37 (9th Cir. 1994).

Similarly, in responding to a request for admission, a party may not wholly deny a statement on the grounds that it is premised on a false assumption or is partially inaccurate.[17]  A party's "nitpicking of the question ... certainly doesn't justify a flat denial."[18]  Rather, "when good faith requires that a party qualify an answer or deny only a part of the matter, the answer must specify the part admitted and qualify or deny the rest."[19]  Therefore, if any part of the request for admission is true, the party to whom it is directed must admit that portion and qualify or deny the remaining facts.[20]

Additionally, a party may not respond to a request for production or an interrogatory by providing vague references to documents.  Rather, a party must "adequately and precisely specif[y]... the actual documents where information will be found... vague references to documents do not suffice."[21]  The party must describe the document "in sufficient detail to permit the interrogating party to locate and identify ... the records from which the answer may be obtained."[22]

If a party lacks the documentation necessary to respond to a request for production or an interrogatory, that party must state that it "cannot furnish the information and details [and] se[t]

---

[17] *Apex Oil Co. v. Belcher Co. of N.Y.*, 855 F.2d 1009, 1015 (2d Cir. 1988).

[18] *Holmgren v. State Farm Mut. Auto. Ins. Co.*, 976 F.2d 573, 580 (9th Cir. 1992).

[19] Fed. R. Civ. P. 36(a)(4).

[20] *Holmgren*, 976 F.2d at 581.

[21] *SEC v. Elfindepan*, 260 F.R.D. 574, 576 (M.D.N.C. 2002).

[22] *Rainbow Pioneer No. 44-18-04A v. Hawaii-Nevada Inv. Corp.*, 711 F.2d 902, 907 (9th Cir. 1983).

forth the efforts made to obtain the information."[23]  The party cannot refuse to respond to a discovery request on the ground that the requested information is in the possession of the requesting party[24] or that more information will be available after further discovery.[25]  The party is required to state under oath that it possesses or does not possess the requested documentation based on the party's present knowledge, information or belief and may supplement its answers if relevant information is obtained at a later date.

Lastly, responses to interrogatories, requests for admissions, and requests for production are insufficient "if they fail to supply facts which were omitted from the complaint, and if they neither clarify nor narrow the broad issues posed by the complaint."[26] Answers that are "general and conclusory" or which "merely restat[e] the allegations of the complaint" are not candid.[27] They are evasive.

If a party's answers are found to be evasive or incomplete and a motion to compel is granted, a court may award "reasonable expenses incurred in obtaining the [order compelling discovery], unless the court finds that the opposition to the motion was substantially justified or that other circumstances make an award of expenses unjust."[28]

---

[23] *Budget Rent-A-Car of Missouri v. Hertz Corp.*, 55 F.R.D. 354, 357 (W.D. Mo. 1972).

[24] *Walt Disney Co. v. DeFabiis*, 168 F.R.D. 281, 284 (C.D. Cal. 1996).

[25] *DIRECTV, Inc. v. Puccinelli*, 244 F.R.D 677, 689 (D. Kan. 2004).

[26] *Rickles, Inc. v. Frances Denny Corp.*, 508 F. Supp. 4, 7 (D. Mass. 1980).

[27] *Id.*

[28] Fed. R. Civ. P. 37(a)(4).

## IV.  DISCUSSION

Plaintiff has not responded to Defendant's initial discovery requests with the candor and specificity that the rules of discovery require.  First, Plaintiff failed to provide explicit and complete answers to Defendant's Interrogatories Nos. 4 and 8.  Although the interrogatories required Plaintiff to identify particular witnesses, parties to conversations or similarly situated employees, Plaintiff responded with vague references to "members of the KIC upper management," "another salaried management person," "another upper manager," "a HAL shareholder employee," "other Shareholder Managers," and "a shareholder."[29] Indeed, in one response, Plaintiff expressly refused to identify a similarly situated employee, and instead indicated that the employee's "name [had been] withheld."[30]  If such answers are not evasive they are certainly incomplete.

Secondly, several of Plaintiff's answers to Defendant's discovery request are internally contradictory and inconsistent.  For example, Plaintiff denied Defendant's Request for Admission No. 11, which stated "[p]lease admit that during your employment as the KIC HAL store general manager you were responsible for and in fact disciplined employees of the KIC store."[31]  However, in Interrogatories Nos. 2 and 7 Plaintiff described two occasions where he disciplined KIC HAL employees.[32]  Therefore, it appears that Plaintiff did "in fact disciplin[e]

---

[29] Dkt. 19 Ex. G at 12-13, 17-18, 20 & 22.

[30] *Id.* at 17-18.

[31] *Id.* at 9.

[32] *Id.* at 6-7 & 16 ("Grant Hildreth told me that I was too harsh in my punishment of Daniel Henry when I suspended him for a week without pay for insubordination and creating a hostile work environment... Kevin Nanowi's mother called Tim Schuerch to complain that I had

employees of the KIC store" and should have admitted that portion of Defendant's Request for Admission.

Similarly, Interrogatories Nos. 5 and 9 asked Plaintiff to identify "each occasion in which [he] requested authority to fire poor performing employees" and "each instance in which [he] [was] told [he] could not terminate a[n] employee."  In response, Plaintiff answered "[t]o my recollection, I never requested to fire any employee..."[33]  However, in answering Interrogatory No. 2 Plaintiff described an occasion where he sought to fire an underperforming employee but was told that he "should not fire [the employee] unless [he] was prepared to place a shareholder in his place..."[34]  In order to provide true, explicit, and complete answers to Defendant's discovery requests Plaintiff should have qualified his answers to Interrogatories Nos. 5 and 9 to include his request to fire Roy Fields.

Plaintiff also interpreted Defendant's initial discovery requests in an artificially restrictive manner and failed to disclose responsive information.  For example, Defendant's Interrogatory No. 3 required Plaintiff to describe "the procedure used to interview, select and train new employees..."[35]  In response, Plaintiff indicated that he "did not have any established procedure concerning how [he] interviewed new employees" and "did not have any established procedure for training new KIC employees."[36]  In the Opposition to Defendant's Motion to Compel

_____

been too harsh in my discipline for his failure to work during inventory...").

[33] *Id.* at 14 & 22.

[34] *Id.* at 5.

[35] *Id.* at 7.

[36] *Id.* at 7-8.

Discovery Plaintiff clarified that Defendant:

> [R]equested information on the 'procedures' used to interview, select, and train new employees, it did not ask for 'details' concerning how these tasks were performed... A 'procedure' references a systemic process whereas [Plaintiff] did not behave the same way each time he trained, selected, interviewed or hired a new employee.[37]

Plaintiff's response evidences the kind of "evasion and word play" that the discovery rules were designed to prevent.[38]  Plaintiff is required to accord reasonable definitions to terms and phrases used in interrogatories and disclose all information fairly covered by the discovery request.

Additionally, in responding to Defendant's interrogatories and requests for production, Plaintiff failed to identify documents with sufficient specificity to allow Defendant to determine which documents Plaintiff relied upon to support his claims.  Plaintiff included only vague references to documents, including "emails between myself, Schuerch, Hildreth and Melton," "[d]ocumentation has been supplied," and "[s]ee: Excel Bankcard comparisons emailed to Schuerch and Hildreth."[39]  Plaintiff's references do not adequately and precisely identify where the information supporting Plaintiff's allegations can be found.

In response to Defendant's requests for production and interrogatories Plaintiff also made statements including "[t]hese records are property of Defendant," "more remains property of KIC," "waiting for production of documentation from KIC," future "discovery will show," and

---

[37] Dkt. 24 at 4.

[38] *Marchand v. Mercy Med. Ctr.*, 22 F.3d 933, 936-37 (9th Cir. 1994).

[39] Dkt. 19 Ex. G at 14-15 & 20.

"[m]ore specific answer will follow when discovery documents are produced by KIC."[40]

Plaintiff may not refuse to respond to Defendant's discovery requests on the ground that the

requested information is in the possession of the requesting party[41] or that more information will

be available after further discovery.[42]  If Plaintiff lacks the documentation necessary to respond to

a request for production or an interrogatory, Plaintiff is required to state under oath that he does

not possess the requested documentation.  Plaintiff may supplement his answers if relevant

information is obtained after further discovery.

Lastly, Plaintiff included conclusory, nonresponsive and vague answers to Defendant's

initial discovery requests.  For example, without providing factual support, Plaintiff alleged that

"the terms of [his] separation would have been vastly different had [he] been a native

shareholder" and he "could not imagine Schuerch [screaming at and threatening] a

shareholder."[43]  In failing to provide factual information or details to support these claims

Plaintiff's statements "neither clarify or narrow the broad issues posed by the complaint."[44]

Insofar as Plaintiff "merely restated the allegations of the complaint" in responding to

Defendant's initial discovery requests, he failed to provide the truthful and candid answers

required by the federal discovery rules.[45]

---

[40] *Id.* at 2, 14-15 & 20.

[41] *Walt Disney Co. v. DeFabiis*, 168 F.R.D. 281, 284 (C.D. Cal. 1996).

[42] *DIRECTV, Inc. v. Puccinelli*, 244 F.R.D 677, 689 (D. Kan. 2004).

[43] Dkt. 19 Ex. G 20 & 22.

[44] *Rickles, Inc. v. Frances Denny Corp.*, 508 F. Supp. 4, 7 (D. Mass. 1980).

[45] *Id.*

## V.  CONCLUSION

Plaintiff has not provided true, explicit, complete, and candid answers to Defendant's initial discovery requests.  For the reasons stated above and for the reasons stated in Defendant's briefs,[46] incorporated herein by reference, the Court **GRANTS** Defendant's Motion to Compel Discovery at Docket 17.  Plaintiff is admonished that failure to adequately answer Defendant's initial discovery requests may lead to dismissal of his case.[47]

The Court finds that Plaintiff was not substantially justified in withholding the information sought by Defendant.  Accordingly, the Court awards Defendant reasonable costs and attorney fees incurred in bringing the motion to compel.  The Court requests that Defendant submit documentation detailing the legal fees or expenses incurred in connection with filing the motion on or before October 27, 2009.  Defendant may also submit additional briefing of three pages or less regarding the reasonableness of its fees and costs.  In response, Plaintiff may submit briefing, of three pages or less, on or before November 3, 2009.

Dated at Anchorage, Alaska, this 20th day of October 2009.


                                        /s/ Timothy Burgess
                                        TIMOTHY M. BURGESS
                                        UNITED STATES DISTRICT JUDGE

---

[46] Dkt. 17, 18 & 26.

[47] Fed. R. Civ. P. 37(b)(2)(A), (d)(3).